STARK COUNTY BAR ASSOCIATION *v.* GREIG.

[Cite as *Stark Cty. Bar Assn. v. Greig* (2000), 90 Ohio St.3d 106.]

(No. 00–414—Submitted April 26, 2000—Decided September 13, 2000.)

*William W. Emley, Sr.* and *John A. Murphy, Jr.*, for relator.

*Gary L. Greig, pro se.*

---

***Per Curiam.*** We adopt the board's findings, conclusions, and recommendation. Consequently, the respondent is hereby suspended from the practice of law for one year, with the entire suspension stayed conditioned upon his not engaging in the unsupervised private practice of law during that year and that he be monitored during that period on a regular basis by the relator or other appropriate agency. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, PFEIFER and COOK, JJ., concur.

MOYER, C.J., F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting. I respectfully dissent from the sanction in this case.

Respondent essentially abandoned his practice in 1994. But respondent did more than that. He took the money from several clients and did little or nothing

on their cases. He took no steps to withdraw and protect the interests of his clients. He essentially stole their money. None of it was returned until five years later, just prior to his disciplinary hearing. He also failed to cooperate fully with the investigation in this matter.

Time and again we have suspended attorneys who take their clients' money and do not pursue their cases. We have also suspended attorneys simply for failing to cooperate.

The only "mitigation" presented was that respondent has now returned to a "supervised" practice and that he "did convey a *sense* of remorse." He repaid the clients' fees only on the eve of the hearing.

From the nature of the actions the respondent failed to pursue, clients were clearly harmed. Bankruptcies were not filed, final hearings not attended, summary judgments granted, and his clients' cases dismissed. Surely such conduct deserves an actual suspension. I would suspend the respondent for two years and stay eighteen months of that suspension, pending conditions of monitoring and that no further violations be committed.

MOYER, C.J., and F.E. SWEENEY, J., concur in the foregoing dissenting opinion.