**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 106.]**

STARK COUNTY BAR ASSOCIATION *v*. GREIG.

**[Cite as *Stark Cty. Bar Assn. v. Greig*, 2000-Ohio-33.]**

*Attorneys at law—Misconduct—One-year suspension with entire suspension stayed on condition—Failing to carry out contract of employment—Neglect of an entrusted legal matter—Failing to cooperate fully with disciplinary investigation.*

(No. 00-414—Submitted April 26, 2000—Decided September 13, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-89.

_____

{¶ 1} On October 13, 1997, relator, Stark County Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), against respondent, Gary L. Greig of Massillon, Ohio, Attorney Registration No. 0042269, charging him with violations of several rules of the Code of Professional Responsibility. Respondent answered and the matter was heard by a panel of the board on July 16, 1999. Following the hearing, the relator and respondent entered into written stipulations, which were filed with the board on July 23, 1999.

{¶ 2} Respondent is a forty-one-year-old attorney who closed his solo law office in Massillon, Ohio, in August 1994. Respondent did not notify the Supreme Court of Ohio or any of his clients of the closing of his office, did not provide a forwarding address to his clients or the United States Post Office, and did not provide anyone with a new telephone number where he could be reached. After leaving the private practice of law, the respondent taught at a middle school in Smithsville, Ohio, for a period of approximately two years and returned to the

practice of law as an Assistant Public Defender in Tuscarawas County, Ohio, in September 1998.

{¶ 3} Based on the stipulations and hearing testimony, the panel found that after William K. Parker hired respondent and paid him $300 of a $660 agreed fee to file a Chapter 7 bankruptcy, respondent failed to file the bankruptcy petition. The panel also found that John and Vivian Cyphert paid respondent $570 in fees and court costs to represent them in a marriage dissolution. Although respondent appeared at the initial hearing in the dissolution proceedings, he failed to perform further services for the Cypherts and failed to appear at the final hearing.

{¶ 4} In addition, the panel found that Letitia A. Hintz paid respondent $125 for representation in a personal injury action. Although respondent filed the case and appeared at one deposition, he failed to respond to the defendant's motion for summary judgment and Hintz's complaint was dismissed. The panel further found that after Kathy Twigg engaged respondent to handle a personal injury action and paid him $50 to order a medical report, respondent took no action and failed to return her file.

{¶ 5} Finally, the panel found that Frank A. Truman paid respondent $500 to represent him in a child custody matter. Respondent attended an initial hearing, but took no further action on Truman's behalf and did not return his file.

{¶ 6} On July 14, 1999, just prior to the hearing before the panel in this matter, respondent returned $300 to Parker, $570 to the Cypherts, $125 to Hintz, $50 to Twigg, and $500 to Truman.

{¶ 7} The panel concluded that respondent's conduct violated DR 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment) and 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). It also found that by failing to cooperate fully with relator's investigation respondent violated Gov.Bar R. V(4)(G). The panel recommended that respondent be suspended from the practice of law for one year, with the entire suspension

stayed, conditioned upon his not engaging in the unsupervised private practice of law during that year and that he be monitored during that period on a regular basis by the relator or other appropriate agency. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*William W. Emley, Sr.* and *John A. Murphy*, *Jr.*, for relator.

*Gary L. Greig*, *pro se*.

_____

*Per Curiam*.

{¶ 8} We adopt the board's findings, conclusions, and recommendation. Consequently, the respondent is hereby suspended from the practice of law for one year, with the entire suspension stayed conditioned upon his not engaging in the unsupervised private practice of law during that year and that he be monitored during that period on a regular basis by the relator or other appropriate agency. Costs taxed to respondent.

*Judgment accordingly*.

DOUGLAS, RESNICK, PFEIFER and COOK, JJ., concur.

MOYER, C.J., F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 9} I respectfully dissent from the sanction in this case.

{¶ 10} Respondent essentially abandoned his practice in 1994. But respondent did more than that. He took the money from several clients and did little or nothing on their cases. He took no steps to withdraw and protect the interests of his clients. He essentially stole their money. None of it was returned until five years later, just prior to his disciplinary hearing. He also failed to cooperate fully with the investigation in this matter.

**{¶ 11}** Time and again we have suspended attorneys who take their clients' money and do not pursue their cases. We have also suspended attorneys simply for failing to cooperate.

**{¶ 12}** The only "mitigation" presented was that respondent has now returned to a "supervised" practice and that he "did convey a *sense* of remorse." He repaid the clients' fees only on the eve of the hearing.

**{¶ 13}** From the nature of the actions the respondent failed to pursue, clients were clearly harmed. Bankruptcies were not filed, final hearings not attended, summary judgments granted, and his clients' cases dismissed. Surely such conduct deserves an actual suspension. I would suspend the respondent for two years and stay eighteen months of that suspension, pending conditions of monitoring and that no further violations be committed.

MOYER, C.J., and F.E. SWEENEY, J., concur in the foregoing dissenting opinion.

————————————